1

2

3

4

5

6

7

8

9

10

11

12

13

14

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

CYBILLA ISSAC,

                   Plaintiff,

    v.

CIRCLE K and DOES 1 through 100; and ROE
CORPORATIONS 101 through 200,

                Defendants.

Case No. 2:13-cv-02283-APG-CWH

**ORDER**

(Def.'s Motion to Dismiss – dkt. #5)

15

16

17

18

19

20

21

22

23

24

25

26

27

28

      Before the Court is Defendant Circle K Stores, Inc.'s Motion to Dismiss or to Transfer (dkt. #5). This case arises from Plaintiff's alleged slip and fall in one of Defendant's stores in Victorville, California. Defendant asserts that this Court lacks personal jurisdiction over it, and moves to dismiss pursuant to Fed. R. Civ. P. 12(b)(2). Alternatively, Defendant requests a change of venue to the Central District of California pursuant to 28 U.S.C. § 1404(a). Plaintiff did not file a Response. For the reasons discussed below, the Motion is granted.

      "Typically, federal courts have personal jurisdiction over defendants to the same extent as the state courts 'in the state in which the [federal] district court is located.'" *Huffy Corp. v. Overlord Indus.*, 246 F. Supp. 2d 1093, 1096 (D. Nev. 2003) (quoting Fed. R. Civ. P. 4(k)(1)(A)). Under Nevada's long-arm statute, a Nevada court "may exercise jurisdiction over a party to a civil action on any basis not inconsistent with the constitution of [Nevada] or the Constitution of the United States." NRS § 14.065(1). Thus, "Nevada's long-arm statute . . . reaches the limits of

1   due process set by the United States Constitution." *Baker v. Dist. Ct.*, 999 P.2d 1020, 1023 (Nev.

2   2000).

3           For the exercise of personal jurisdiction to stay within constitutional bounds, a non-

4   resident defendant must have "minimum contacts" with the forum state "such that the

5   maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'"

6   *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (citing *Milliken v. Meyer*, 311 U.S. 457,

7   463 (1940)). This minimum contacts analysis has been bifurcated into two separate inquiries.

8   First, where the cause of action arises from a defendant's contacts with the forum, a court

9   assesses whether the defendant's contacts are sufficient to exercise specific jurisdiction. *See*

10  *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 n.8 (1984). Second, where

11  the cause of action does not arise out of the defendant's activities in the forum state, the court

12  assesses whether the defendant's contacts are sufficient to exercise general jurisdiction. *See id.* at

13  415-17.

14          Here, Plaintiff's slip and fall in Defendant's Victorville, California store does not arise out

15  of Defendant's contacts with Nevada so the pertinent inquiry is whether Defendant's contacts

16  subject it to general jurisdiction. General jurisdiction is appropriately exercised where the

17  defendant's contacts with the forum state are so "continuous and systematic as to render [the

18  defendant] essentially at home in the forum state." *Goodyear Dunlop Tires Operations, S.A. v.*

19  *Brown*, 131 S.Ct. 2846, 2851 (2011). "With respect to a corporation, the place of incorporation

20  and the principal place of business" are the paradigmatic, though not exclusive, bases for

21  jurisdiction. *Daimler AG v. Bauman*, No. 11-965, slip op. at 18-19 (U.S. Jan. 14, 2014).

22  However, outside of those respective places, "[g]eneral jurisdiction . . . calls for an appraisal of a

23  corporation's activities in their entirety, nationwide and worldwide." *Id.* at 21 n.20.

24          Defendant asserts that it is incorporated in the state of Texas and has its principal place of

25  business in Arizona. Further, although it owns and operates 31 stores within the state of Nevada,

26  those 31 stores represent only a very small portion of Defendant's business conducted in more

27

28

than 4,000 total stores nationwide.  Defendant also asserts that it does not conduct its national business from any of the stores within the state of Nevada.

When a defendant challenges jurisdiction, the plaintiff bears the burden to demonstrate jurisdiction is proper. *CollegeSource, Inc. v. AcademyOne, Inc.*, 653 F.3d 1066, 1073 (9th Cir. 2011).  As Plaintiff has failed to respond to the Motion, the Court must accept Defendant's assertions and finds that Defendant is not "at home" in Nevada.  Defendant is not incorporated in Nevada, does not have its principal place of business in Nevada, and does not conduct a significant amount of its overall business in Nevada.  Consequently, this court cannot assert general personal jurisdiction over Defendant, and the Court grants Defendant's Motion.

IT IS THEREFORE ORDERED that Defendant Circle K Stores, Inc.'s Motion to Dismiss is GRANTED. The Clerk of the Court is instructed to close this case.

DATED THIS 24$^{rth}$ day of January, 2013.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE